UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 98-20333
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CASTRO,

Defendant-Appellant.
_____

Appeal from the United States District Court,
for the Western District of Texas
(USDC No. H-92-CR-25-5)
_____

November 12, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Julio Castro, federal prisoner #33536-054, incarcerated at FCC Coleman, Florida, appeals the denial of a motion for further clarification of his sentence. Castro seeks credit for time served in New York prior to his conviction and sentencing by the district court for the Southern District of Texas. The court denied Castro's motion on the merits.

We must first, however, consider jurisdiction. *In re Moody*, 41 F.3d 1024, 1026 (5th Cir. 1995). Because the motion does not question the federal sentence itself, but rather the way in which

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it is imposed, the district court should have construed Castro's request as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, rather than as a motion attacking sentence pursuant to 28 U.S.C. § 2255.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990).  And, only the district in which a prisoner is held has jurisdiction to consider a § 2241 petition.  *Gabor*, 905 F.2d at 78. Castro is incarcerated in Florida.  Consequently, the district court's denial is vacated and this matter remanded with instructions to dismiss for lack of jurisdiction.

*VACATED AND REMANDED*